UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MOLLYROSE R. JONES,        ) | Case No. EDCV 05-00324-MLG |
|                            ) | |
|           Plaintiff,       ) | MEMORANDUM OPINION AND ORDER |
|                            ) | |
|      v.                    ) | |
|                            ) | |
| JO ANNE B. BARNHART,       ) | |
| Commissioner of the        ) | |
| Social Security            ) | |
| Administration,            ) | |
|                            ) | |
|           Defendant.       ) | |

Plaintiff Mollyrose R. Jones ("Plaintiff") seeks review of the Commissioner's final decision denying her applications for Child's Insurance Benefits, Disability Insurance Benefits and Supplemental Security Income Benefits. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation of disputed issues("JS"). The matter is ready for decision.

Plaintiff filed her applications for benefits on June 10, 2003. She claimed that she was disabled and unable to work due to a bipolar disorder and an obsessive-compulsive disorder. Benefits were denied initially and upon reconsideration. A de novo hearing was held on

October 22, 2004 before Administrative Law Judge ("ALJ") F. Keith Varni. In a decision dated December 1, 2004, ALJ Varni found that Plaintiff suffers from the severe impairments of drug abuse and an affective disorder, but that she did not have an impairment which met or equaled any of those contained in the listings of impairments. 20 C.F.R., Part 404, Subpart P, Appendix 1.  The ALJ further found that Plaintiff's psychological impairment prevented her from performing her past work as a customer service representative or a security guard, but that based upon the medical record and the testimony of a vocational expert, there existed thousands of jobs as a maid, housekeeper, cleaner or kitchen helper that Plaintiff could perform.  In doing so, the ALJ found that Plaintiff's testimony was not credible. (Administrative Record ("AR") 12-18).  The Appeals Council denied review and Plaintiff commenced this action for judicial review.

The relevant facts are familiar to both parties and Plaintiff has stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and accurately summarizes the hearing testimony and medical evidence in the record, except as noted in her contentions.  Plaintiff was born on November 13, 1981 and was twenty-two years old at the time of the administrative hearing.  She completed high school and attended junior college for two years.  She worked for several years as a customer service representative, assisting children on amusement rides at a mall, and as a security guard. She last worked in August 2002.

In the JS, Plaintiff contends the ALJ erred by: (1) failing to give proper weight to the opinions of her treating physician;(2) failing to develop the record; and (3) failing to properly consider Plaintiff's testimony.  The Commissioner disagrees.  After reviewing the parties' respective contentions and the record as a whole, the Court finds

Plaintiff's contentions lack merit and are rejected for the reasons expressed by the Commissioner in her portions of the JS and the following reasons. In doing so, the Court finds, based upon a review of the record, that the ALJ's findings are free from legal error and supported by substantial evidence. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001).

The ALJ appropriately rejected the findings and conclusions of Syam Kunan, M.D., Plaintiff's treating physician. In August 2003, Dr. Kunan completed a mental disorder questionnaire form for Plaintiff. (AR at 130-34). Dr. Kunan diagnosed Plaintiff with mood swings and paranoid delusions. (AR at 130). He described Plaintiff as anxious, but noted that she was oriented in all three spheres and had completed high school with a 3.3 grade point average. In the same form, he stated that Plaintiff's reality contact was poor, that she had "no concentration" and that her ability to function socially, her ability to concentrate and complete tasks, and here adaptation to work-like situations were all poor. (AR at 132-33). In a phone call later that month from an Agency doctor, Dr. Kunan stated that Plaintiff was anxious, anorexic and had social phobias. He went on to state that she was retarded and of subnormal intelligence. *Id.*

The ALJ rejected this evidence in favor of the findings and opinion of Dr. Andrew Rooks, a board certified psychiatrist who conducted a full mental status examination of Plaintiff on August 13, 2003. (AR 135-142). Dr. Rooks described Plaintiff as neurotic, dependant and immature but not suffering from a bipolar disorder or obsessive compulsive disorder. He noted that Plaintiff was then enrolled in school full-time to obtain a certificate as a psychological technician. She displayed good eye

contact, clear speech, and was cooperative. Her IQ appeared average. At the time of the examination, Plaintiff was not taking any medications. She was 5'9" tall and weighed 145 pounds, hardly anorexic. She was living with her father and stepmother, but not getting along with either. Plaintiff admitted to current use of cocaine and methamphetamine. Dr. Rooks noted that Plaintiff could carry out and remember both simple and complex instructions and maintain regular attendance at a job, given that she had completed two years of college courses. He also found that Plaintiff could complete a normal workday and accept instructions from supervisors. Finally, Dr. Rooks found that if Plaintiff stopped abusing substances, her prognosis was good.

Plaintiff claims that the ALJ improperly ignored Dr. Kunan's opinion. That claim is belied by the record. (AR at 14-15, 297). The ALJ noted that while Plaintiff reported a variety of subjective complaints to Dr. Kunan upon which the doctor primarily relied,[1] there were inconsistencies in Plaintiff's statements and in the Doctor's report itself, which was appropriately characterized as internally inconsistent, conclusory and superficial. (AR at 15). For example, Plaintiff admitted substance abuse when interviewed by Dr. Rooks, but there was no mention of such abuse in the report of Dr. Kunan, prepared during the same month. The ALJ also noted and rejected Dr. Kunan's comments that Plaintiff was retarded and of subnormal intelligence because the record clearly established that she had been quite

---

[1] *See Morgan v. Commissioner of Social Security*, 169 F.3d 595, 602 (9th Cir. 1999)("A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'")(quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)).

4

successful in pursuing her education and Dr. Rooks found no evidence of either.  When viewed in light of Dr. Rook's thorough examination and report, the ALJ did not err in failing to credit the report or opinion of Dr. Kunan.  I therefore find that the ALJ provided specific, legitimate reasons, supported by substantial evidence for rejecting Dr. Kunan's opinion.  *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

The Court further finds that the ALJ did not violate his duty to develop the record.  Plaintiff claims that the ALJ should have obtained additional information from Dr. Kunan since his reports were of such limited substance.  This argument is also without merit.  Both the disability benefits claimant and the ALJ bear a regulatory responsibility for developing the evidentiary record.  The claimant must produce medical evidence showing that she has an impairment, and how severe that impairment is during the time she claims she is disabled. 20 C.F.R. §§ 404.1512(c), 416.912(c). It is also well settled that an ALJ has an independent "duty to fully and fairly develop the record and to assure that the claimant's interests are considered," even where a claimant is represented by counsel.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (internal quotation marks omitted).  This duty is triggered when the record reflects ambiguous evidence, or if the ALJ finds that the record is inadequate to allow for a proper evaluation of the evidence.  *Id*. (internal citations omitted).

Here, there was adequate evidence from which to make a disability determination.  There was medical opinion evidence based on personal examination of the claimant which allowed for a proper evaluation of the disability.  There was no additional duty to seek more information from Dr. Kunan.

5

Finally, the court finds that the ALJ properly evaluated Plaintiff's credibility in rejecting these claims. Once a claimant has produced objective medical evidence of an underlying impairment which could reasonably be expected to produce some degree of limitation, in the absence of any evidence of malingering, the ALJ may reject subjective testimony only by offering specific clear and convincing reasons for doing so. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)). If the ALJ finds that a claimant's testimony regarding the degree of limitation is unreliable, the ALJ must "specifically identify what testimony is credible and what testimony undermines the claimant's complaints." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Resolving conflicts in the testimony and determining questions of credibility are functions solely of the Commissioner. *Morgan*, 169 F.3d at 599.

Here, the ALJ offered specific and convincing reasons for rejecting Plaintiff's testimony. In making this determination, the ALJ noted the inconsistency in the statements she made to Dr. Rooks in 2003, admitting the use of cocaine and methamphetamine with the testimony at the hearing, during which she denied using controlled substances at any time after 2002. The ALJ also relied upon the Plaintiff's educational achievements to discount her testimony that her mental impairment prevented her from engaging in substantial gainful activity. Further, the ALJ noted Plaintiff's weekend enrollment in a 500 hour massage therapy training program, which contradicted her claims of an inability to work. Finally, the ALJ relied upon the credible medical evidence in the record, which did not support Plaintiff's claims. These reasons, taken together, substantially supported the adverse credibility finding.

**IV.   CONCLUSION**

Based upon the applicable legal standards, the Court finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner applied the proper legal standards.

Accordingly, **IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED** and that this matter is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

Dated:   December 15, 2005          */S/ Marc L. Goldman*

_____
Marc L. Goldman
United States Magistrate Judge